[Cite as *A.D. v. S.P.*, 2019-Ohio-653.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

A.D. nka B.                                         Court of Appeals No. H-18-007

      Appellee                                 Trial Court No. CU 2008 00077

v.

S.P.                                               **DECISION AND JUDGMENT**

      Appellant                                Decided:  February 22, 2019

* * * * *

Heather Niedermeier Heyman, for appellee.

Justin C. Miller, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, S.P., appeals from the April 12, 2018 judgment of the Huron County Court of Common Pleas, Juvenile Division, overruling S.P.'s objections to the magistrate's decision of March 7, 2018, adopting the calculation of appellant's child

support obligation by the Huron County Child Support Enforcement Agency (hereinafter "the agency"), effective November 28, 2017.  For the reasons which follow, we affirm.

{¶ 2} On appeal, appellants asserts the following assignments of error:

I.  THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY FINDING THAT THE HURON COUNTY CHILD SUPPORT ENFORCEMENT AGENCY'S CHILD SUPPORT ORDER SHOULD BE UPHELD DESPITE THE FACT SUCH FINDING WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.

II.  THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REVERSED ITS DECEMBER 5, 2017 ORDER.

{¶ 3} On September 20, 2017, appellant filed a motion to modify visitation to a long-distance visitation schedule and adjust his child support obligation.  He was moving to Woodsfield, Ohio, because he had inherited his mother's home there and his employer was expected to permanently close the plant where he worked sometime between September 29 and October 11, 2017, which would leave him unemployed.

{¶ 4} The agency was in the process of conducting a three-year review pursuant to appellee's request.  The agency requested information from appellant, who supplied his pay stubs and informed the agency of his involuntary termination.  He did not have a copy of the warning letter but agreed to supply it, which he asserted he had done.

{¶ 5} After the agency increased his child support obligation, appellant sought a judicial review hearing of the agency's decision.  At a pre-trial hearing before a

2.

magistrate on November 28, 2017, appellant argued his child support obligation should have been based on an imputed income of minimum wage because of his involuntary job loss. Appellee did not object to an adjustment of the support order, but she asserted there was no evidence of whether appellant was receiving unemployment. The agency acknowledged it had not considered appellant's involuntary termination of employment because it received only two pay stubs from appellant's employer and appellant did not provide evidence of his employer's warning letter until after the decision had been made. The agency acknowledged that if the warning letter had been timely received, the agency would most likely have modified the support order based upon an imputed minimum wage. Appellant, however, stated that after he signed the employer's release papers, he discovered he was no longer able to access his employment records and could not supply the information.

{¶ 6} At the conclusion of the hearing, the magistrate indicated that additional testimony was needed regarding appellant's severance pay, unemployment compensation, and the income and benefits appellant would have available for the payment of support. Appellant requested that he be able to submit a motion with affidavits attaching the necessary paperwork and proceed with a non-oral hearing because of the distance he had to travel and his lack of income. Appellee did not object.

{¶ 7} Further, the magistrate addressed the issue of appellant's current child support obligation of $324.21 with medical coverage. The agency acknowledged that wage withholding could be accomplished through unemployment compensation.

3.

Appellee sought to have the child support obligation continue until the non-oral hearing. The court, however, noting that appellant had been current in his child support payments for nine years stated the matter would be taken under advisement considering the child's needs and appellant's unique situation.

{¶ 8} Accordingly, on December 5, 2017, the magistrate issued an order directing appellant to file a written memorandum in lieu of an evidentiary hearing to present evidence to justify his claim of a reduced child support obligation and ordered the opposing party to file a written response. Appellant's memorandum was due January 12, 2018, and the non-oral hearing was scheduled for February 20, 2018. The magistrate also issued an order for temporary child support reducing appellant's obligation to $261.74, plus $52.35 on arrears and a two percent processing fee, effective November 28, 2017, and split the obligation for medical support between the parties.

{¶ 9} On February 20, 2018, appellee moved to dismiss the review hearing because appellant had not filed the required memorandum. The matter continued to a non-oral hearing held on February 20, 2018, and the magistrate issued a decision on March 7, 2018. The magistrate found that appellant had not submitted a written memorandum regarding an equitable order of child support to be paid by appellant. The magistrate denied the motion of appellee to dismiss and found appellant's objection to the amount of child support calculated by the agency not well-taken and denied it. The magistrate adopted the agency's calculation of the child support obligation, effective

4.

November 28, 2017. No objections to the magistrate's decision were filed and the trial court adopted the magistrate's order on March 7, 2018.

{¶ 10} On March 20, 2018, appellant filed objections to the magistrate's decision of March 7, 2018. Appellee opposed the motion arguing that she believed the magistrate had already issued its decision imputing appellant's wage to be minimum wage based upon appellant's testimony that he had been laid off.

{¶ 11} The trial court considered appellant's objections to the magistrate's March 7, 2018 decision and on April 12, 2018, found the objection not well-taken. The trial court found that the magistrate's order clearly set a temporary child support order pending resolution of the hearing. The trial court adopted the magistrate's decision to accept the agency's calculation of the child support obligation. Appellant appeals.

{¶ 12} Appellant argues in his first assignment of error that the trial court committed reversible and plain error by upholding the agency's child support calculation despite the fact that it was not supported by clear and convincing evidence.

{¶ 13} We review the trial court's adoption of a magistrate's judgment under an abuse of discretion standard. *Lang v. Lang*, 9th Dist. Wayne No. 13CA0054, 2014-Ohio-4124, ¶ 11. An abuse of discretion standard requires that we find the trial court's decision is "arbitrary, unreasonable, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 14} In this case, the magistrate clearly directed appellant to file a memorandum in support by January 12, 2018, and directed a temporary support order to be effective in

5.

the interim. Appellant failed to file his memorandum in support and the magistrate overruled appellant's motion because appellant failed to support his claim. We find the trial court did not abuse its discretion by adopting the magistrate's decision. We find appellant's first assignment of error not well-taken.

{¶ 15} In his second assignment of error, appellant argues the trial court abused its discretion when it reversed the December 5, 2017 order regarding his child support obligation.

{¶ 16} We find this argument meritless based on the record. The December 5, 2017 decision of the magistrate, adopted by the trial court, was a temporary order. Because the information requested of appellant was never submitted, the magistrate issued its final decision denying appellant's motion and imposing the child support obligation calculated by the agency. The trial court did not reverse a final judgment regarding child support. Appellant's second assignment of error is found not well-taken.

{¶ 17} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Huron County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.